UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AYINDE FAIR,

                              **MEMORANDUM & ORDER**

             Petitioner,                 CV-05-2480 (NGG) (SMG)

       -against-

SUPERINTENDENT, Shawangunk
Correctional Facility,

             Respondent.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On January 8, 2008, Magistrate Judge Steven M. Gold issued a Report and Recommendation ("R&R") in which he recommended that pro se Petitioner Ayinde Fair's ("Petitioner") petition for habeas corpus ("Petition") be denied. Now before me are Petitioner's objections to the R&R, familiarity with which is assumed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the court conducts a *de novo* review of those portions of the R&R to which Petitioner has objected. Petitioner has waived his right to further judicial review of those portions of the R&R to which he has not timely objected. Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002).[1]

## I.    Factual Background

On July 7, 1998, at approximately 10:45 in the evening, two men were shot in front of 163-11 Foch Boulevard in Queens, New York. (Trial Tr. 413-19.) One victim, Curtis Scott, was killed. (Id. at 420-21.) Another, Jamel Ethridge ("Ethridge"), survived. (Id. at 847.) After a

---

[1] The court has reviewed those portions of the R&R to which Petitioner has not objected and finds them to be thorough, well-reasoned, and well-founded in applicable law. See Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record").

1

trial in New York Supreme Court, Queens County, Petitioner was found guilty of Attempted Murder in the Second Degree of Ethridge and two counts of Criminal Possession of a Weapon in the Second Degree.

## II. Ineffective Assistance of Trial Counsel

Petitioner argues that Judge Gold erred in rejecting his claim that he received ineffective assistance from his trial counsel. In his Petition, Fair proferred nine separate grounds for his claim: (1) counsel failed to request a "missing witness" charge when Ethridge was not called as a witness by the prosecution at trial; (2) counsel failed to request a proper jury charge with regard to "acting in concert"; (3) counsel failed to object to the verdict as internally inconsistent; (4) counsel failed to investigate the crime scene and rebut the government's assertions regarding it at trial; (5) counsel failed to request a circumstantial evidence charge; (6) counsel failed to call Ethridge at trial and question him about his affidavit stating that he was threatened by the police; (7) counsel failed to object to the testimony of Detective Gennari regarding the shell casings and weapon found at the crime scene; (8) counsel failed to investigate the disappearance of the weapon found under Curtis Scott's body as described by the ballistics expert; and (9) counsel abandoned Petitioner's claim of self-defense. Judge Gold found that all of these grounds were meritless. (R&R.) Now, Petitioner objects to Judge Gold's determinations with respect to grounds 3, 4, 5, 6, 7, and 8.

### A. Petitioner's Procedural Default: Grounds 4, 5, 7, 8, and 9.

Judge Gold determined that Petitioner had procedurally defaulted on grounds 4, 5, 7, 8, and 9 listed above. (R&R 14-15.) Petitioner does not contest this determination, offer cause and prejudice for his procedural default, or demonstrate that he is actually innocent of the crime for which he was convicted. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in

which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."); Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (the conviction of an actually innocent person is a fundamental miscarriage of justice). Judge Gold's recommendation that these grounds be denied is therefore adopted.[1]

### B. Petitioner's Preserved Claims

Petitioner has not procedurally defaulted with respect to grounds 1, 2, 3, and 6. He now objects to Judge Gold's determination with respect to grounds 3 and 6, that counsel failed to object to the verdict as internally inconsistent and that counsel failed to call Ethridge at trial and question him about his affidavit stating that he was threatened by the police.

These grounds for Petitioner's ineffective assistance of counsel claim were rejected by the state court on the merits. See People v. Fair, 765 N.Y.S.2d 514 (2d Dep't 2003). Their rejection by the state court is therefore entitled to heightened deference under 28 U.S.C. § 2254(d). This statute provides that a petition raising a claim that was rejected on the merits by a state court may not be granted unless the adjudication of the claim

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] In the interest of thoroughness, Judge Gold considered Petitioner's procedurally defaulted claims and found them to be without merit. The court has reviewed *de novo* Judge Gold's determination and finds it to be without error.

Judge Gold also found that Petitioner's claim that the trial court should have given a circumstantial evidence charge to the jury was procedurally defaulted. Petitioner does not object to this finding, and so Judge Gold's recommendation that this claim be denied is adopted. In any case, the court has determined that Judge Gold's alternative finding that this claim is without merit is amply supported by the record.

3

28 U.S.C. § 2254(d).

### 1. Trial Counsel's Failure to Object to the Verdict

Petitioner was found guilty of Criminal Possession of a Weapon in the Second Degree with respect to the murder of Curtis Scott. To find him guilty on this count, the jury necessarily had to determine that Petitioner knowingly possessed a loaded firearm with intent to use the weapon unlawfully against Curtis Scott. (Trial Tr. 1083.) Petitioner was found not guilty of the murder of Curtis Scott. Petitioner claims that the verdict on these two counts is therefore internally inconsistent.

A verdict is internally inconsistent "where the defendant is convicted of an offense containing an essential element that the jury has found he did not commit." People v. Trappier, 87 N.Y.2d 55, 58 (1995). Here, the jury, by finding Petitioner guilty of the Criminal Possession Count with respect to Curtis Scott, necessarily found that Petitioner intended to use a weapon unlawfully against Curtis Scott.

Although one of the reasons that a jury might have found Petitioner not guilty of the murder of Curtis Scott would have been that it found he lacked the requisite intent to murder him, thereby rendering the verdict inconsistent, the jury might equally have determined that Petitioner and those he was acting in concert with did not in fact cause the death of Curtis Scott. Since this latter explanation renders the jury's verdict internally consistent, any objection to the verdict as repugnant would have failed. See People v. Loughlin, 76 N.Y.2d 804, 807 (1995) (verdicts are inconsistent only when they are logically "irreconcilable"). Trial counsel cannot have been ineffective for failing to make an objection with no chance of success. See United States v. Abad, 514 F.3d 271, 276 (2d Cir. 2008) ("[C]ounsel could not therefore have been ineffective for failing to make a motion that would have been futile"). Petitioner has thus not

4

demonstrated that the state court's adjudication of his claim met the standard set forth in 28 U.S.C. § 2254(d).

2. <u>Trial Counsel's Failure To Call Ethridge as a Witness</u>

Petitioner contends that his trial counsel was ineffective because he failed to call Ethridge as a witness for the defense. Petitioner claims that trial counsel had in his possession at trial an affidavit from Ethridge recanting a previous statement in which Ethridge identified Petitioner as one of his attackers. (Ethridge August 21, 1999 Statement.)

The prosecution initially was going to call Ethridge as a witness, but decided not to call Ethridge after Ethridge claimed to have been threatened and became reluctant to testify. Under these circumstances, the decision of Petitioner's trial counsel not to call Ethridge was objectively reasonable. See United States v. Gaskin, 364 F.3d 438, 470 (2d Cir. 2004) ("The decision not to call a particular witness is typically a question of trial strategy that appellate courts are ill-suited to second-guess."). Because Ethridge claimed he had been threatened and had already given two conflicting accounts of what happened, calling him would have been a very risky proposition. Trial counsel reasonably could have thought that Ethridge might testify that that Petitioner had threatened him; also, Ethridge might have repeated his initial statement implicating Petitioner. See id. ("Here, the witness Parise asserts should have been called would have testified in a manner corroborative of another witness; counsel *might well have regarded* the testimony as unnecessarily cumulative.") (emphasis added). Trial counsel was therefore not ineffective for failing to call Ethridge. Petitioner has thus not met his burden under 28 U.S.C. § 2254(d) of demonstrating that the state court's adjudication was contrary to, or involved an unreasonable application of, clearly established federal law.

## III. Insufficiency of the Evidence

Petitioner claims that the evidence was insufficient to find him guilty for Attempted Murder of Ethridge. The state court's determination that the evidence was sufficient to find him guilty, however, is amply supported by the evidence adduced at trial. As Judge Gold explained, three witnesses placed Petitioner at the scene of the shooting. (Tr. 769-70 (testimony of Jamel Scott), id. at 593-94 (testimony of Bashair Hogan); id. at 685 (testimony of Lloyd Francis)). Two witnesses saw Petitioner holding a gun, and two witnesses testified that Petitioner was instructed by a third person to commit murder. (Id. at 684-5 (testimony of Lloyd Francis that Petitioner was told to "pop that nigger" and that Petitioner exited his taxi holding a gun); id. at 770 (testimony of Jamel Scott that he saw Petitioner with a gun, one foot away from his dead brother); id. at 594 (testimony of Bashair Hogan that Petitioner was told to "kill everybody")).

Petitioner's argument in his Petition that these witnesses were not credible is irrelevant, as any issue regarding credibility must be resolved in the prosecution's favor. See United States v. Jespersen, 65 F.3d 993, 998 (2d Cir. 1995). Petitioner's argument in his objections that his co-defendants pled guilty to lesser charges, and that he therefore could not have acted in concert with them, is similarly unavailing. The evidence relevant to a sufficiency of the evidence challenge is that presented at trial; other information is irrelevant. United States v. Payton, 159 F.3d 49, 56 (2d Cir. 1998) ("The ultimate question is not whether *we believe* the evidence adduced at trial but whether *any rational trier of fact could so find.*" (emphasis in original)). In any case, a person's plea of guilty to a lesser charge does not mean that he did not also commit more serious crimes.

The state court's determination therefore did not result "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d).

### IV. Ineffective Assistance of Appellate Counsel

Petitioner argues that his appellate counsel was ineffective because she raised an issue that was unpreserved for review and because she did not investigate the affidavit in which Ethridge recanted his statement implicating Petitioner. To succeed on a claim of ineffective assistance of appellate counsel, Petitioner must show that there is a reasonable probability that an appeal raising these issues would have succeeded. See Flores v. Demskie, 215 F.3d 293, 304 (2d Cir. 2000). Petitioner here cannot show prejudice. First, the issue that was unpreserved for review could by definition not have been a winning issue on appeal. Second, as explained above and in the R&R, Petitioner's claims regarding Ethridge's affidavit have little merit and did not have a reasonable probability of success.[2] Petitioner therefore cannot make the required showing of prejudice. This court therefore defers to the state court's finding that Petitioner's appellate counsel was not constitutionally ineffective.

### V. Conclusion

For the reasons stated above, after conducting a *de novo* review of those portions of the R&R to which Petitioner has objected, the R&R is adopted in its entirety. The Petition is therefore dismissed. The Clerk of Court is directed to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 29, 2008

NICHOLAS G. GARAUFIS
United States District Judge

---

[2] The claims that Petitioner argued in his Petition that appellate counsel should have raised are similarly of little merit, and appellate counsel was not ineffective for not raising them. See Jones v. Barnes, 463 U.S. 745, 754 n.7 (1983) (appellate counsel may be selective and need not raise all non-frivolous issues).

7